## JAMES C. ROGERS *vs.* THE SISTERS OF CHARITY OF ST. JOSEPH ET AL.

*Deed of Feoffment—Statute of Uses—Legislative Sanction in Charter of Conveyance to a Religious Corporation—Bill of Rights.*

The legislative charter of the Sisters of Charity of St. Joseph, a corporation formed for the care of the sick and the succor of the aged and necessitous, empowered it to take and hold land and sell and dispose of the same. *Held*, that the charter constitutes the prior sanction of the Legislature of a conveyance of land to the corporation, within Art. 38 of the Bill of Rights which declares that every gift, sale or devise of land to any religious sect, order or denomination, without the prior or subsequent sanction of the Legislature, shall be void.

Land was conveyed to one corporation in trust for the benefit of an Orphan Asylum, another corporation also authorized to hold real estate. No duties of any kind were imposed upon the trustee by the deed. *Held*, that since the Orphan Asylum was the real owner of the property; tne deed should be construed as a deed of feoffment and not as a deed of bargain and sale, and so construed the Statute of Uses executed the legal estate in the Orphan Asylum and it now has the right to convey a valid title to a purchaser of the property.

Under Art. 38 of the Bill of Rights, the sanction of the Legislature must be expressly given to each particular devise or bequest to a religious sect or order, but that is not necessary when property is conveyed by deed to a religious corporation, because in such case a prior or subsequent general sanction, without particularizing the grants, is sufficient.

Appeal from a decree ot the Circuit Court for Prince George's County (MERRICK, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE and BOYD JJ.

*James C. Rogers*, appellant, submitted the cause on his brief.

1. The Sisters of Charity of Saint Joseph's, under their charter were incapable of taking or holding property in trust for Saint Vincent's Orphan Asylum.

2. The Sisters of Charity of Saint Joseph's, are a "Religious Sect, Order or Denomination," within the meaning of Art. 38,

of the Bill of Rights, and no title to the lands described, could vest in that corporation without the sanction of the Legislature; and this has not been gotten.

3. The Sisters of Charity of Saint Joseph's possess no power under the deeds to alienate the lands conveyed thereby, and the appellant will take subject to the trust.

4. The deeds are deeds of "bargain and sale," and not deeds of "feoffment."

5. It is too late to obtain the sanction of the Legislature to the grants of land in said deeds, dated respectively October 24th, 1882, and February 1st, 1889.

*F. Snowden Hill*, for the appellees.

McSHERRY, C. J., delivered the opinion of the Court.

There can be doubt as to the correctness of the decree against which the pending appeal was taken. The single question presented arises on a case stated under *Art. 16, secs. 184 and 185*, of the Code of Public General Laws. The facts are briefly as follows: The Sisters of Charity of Saint Joseph are a body corporate. The corporation was created by the General Assembly of Maryland at the session of eighteen hundred and sixteen. By the terms of its charter the corporation was empowered amongst other things to take and hold in fee-simple "lands and real estate  *  *  *  and all such lands and real  *  *  *  estate to sell, lease, dispose of and convey in as full and ample manner as any person or body corporate holding any lands or property, real, personal or mixed, may sell, lease, dispose of and convey the same." The corporation was formed "for works of piety, charity and usefulness, and especially for the care of the sick, the succor of aged, infirm and necessitous persons, and the education of young females." By an Act of Congress approved February the twenty-fifth, eighteen hundred and thirty-one, Saint Vincent's Orphan Asylum was incorporated. It was also authorized to acquire and hold real estate. In eighteen hundred and eighty-two, John Hoover and wife, in consideration of the sum of ten

dollars, granted, bargained, sold, aliened, enfeoffed, released and conveyed to the Sisters of Charity of Saint Joseph certain real estate lying partly in the District of Columbia and partly in Prince George's County, Maryland, "to have and to hold * * * in trust for the sole use and benefit of Saint Vincent's Female Orphan Asylum." In February, eighteen hundred and eighty-nine, the same John Hoover, in consideration of the sum of ten dollars, granted, bargained, sold, aliened, enfeoffed, released and conveyed to the Sisters of Charity of Saint Joseph, certain other real estate lying in Prince George's County, "to have and to hold * * * in trust for the sole use and benefit of Saint Vincent's Female Orphan Asylum." In February, nineteen hundred and three, the two corporations—the Sisters of Charity and the Saint Vincent's Orphan Asylum—entered into a written contract with the appellant to sell to him the property conveyed by the deeds above referred to; but the appellant apprehending that there were defects in the title, this proceeding was docketed and a special case—stated was filed for the purpose of obtaining the Court's opinion on the question as to whether the appellees—the two corporations—jointly or severally can convey to the appellant a valid fee-simple title to the lands, or to any part of the lands mentioned and described in the deeds from Hoover.

Several objections have been interposed to the right of the appellees to convey the property, but as the view we take will render it unnecessary to discuss them they need not be alluded to or considered. If the deeds from Hoover be treated as deeds of feoffment and not as deeds of bargain and sale all of the difficulties suggested by the appellant will be cleared away. There are no active duties imposed upon the trustee by either deed. In fact there are no duties of any kind prescribed. In the absence of such duties, if the deeds are deeds of feoffment, the statute of uses at once executed the legal estate in the *cestui que trust*, and that corporation, the Saint Vincent Orphan Asylum, was immediately vested with a fee simple estate, upon the delivery and recording of the deeds. The design, object and purpose of the parties to the deeds

are evident.    The consideration is nominal.    No beneficial in-
terest was conveyed to the Sisters of Charity.    The Orphan
Asylum was clearly intended to be the real owner of the prop-
erty.    On the face of the deeds all of this is apparent.    The
law is thoroughly settled.    In *Handy et al.* v. *McKim et al.*,
64 Md. 568–9, it was said by C. J. ALVEY speaking for the
Court: "In expounding deeds no principle is more familiar or
better established than that the intention of the parties shall
prevail, if not repugnant to some principle or maxim of the
law; and that the intention is to be gathered by considering
the whole deed, and each and every part thereof.    As was
declared by the Court of Appeals in *Budd* v. *Brooke*, 3 Gill,
234, 'In construing a grant it is the duty of the Court, first,
to ascertain what the parties intended should be affected by it;
and that intention being collected from an inspection of the
grant itself, it is the duty of the Court to give to it such an
interpretation as will effectuate that intention, provided the
terms and expressions used in the grant will admit of such a
construction.'    And in construing deeds of conveyance of a
freehold estate, such as those under consideration in this case,
the Court will, if appropriate terms be employed, treat them
either as deeds of feoffment or deeds of bargain and sale, as
will best subserve the objects and purposes in the contempla-
tion of the parties.    *Matthews* v. *Ward*, 10 G. & J. 448, 449;
*Ware* v. *Richardson*, 3 Md. 546.    The *Act of 1766, ch. 14*,
provided for recording deeds of feoffment as well as deeds of
bargain and sale, and the enrollment of such deeds is a sub-
stitute for the act of livery, and is equivalent to it.    Here both
deeds in question contain operative words to make them either
deeds of feoffment, or deeds of bargain and sale; and whether
they are to be taken as being the one or the other species of
conveyance, must depend upon construction to subserve the
manifest intention of the parties.    If construed to be deeds of
bargain and sale, the uses declared are not operated upon by
the statute of uses, further than to vest the legal estate in fee
in the bargainees, the trustees, and all the uses declared re-
main unexecuted by the statute, and are trusts and mere equi-

table estates.    Whereas, if construed to be deeds of feoffment, being common law assurances, the question of the operation of the statute of uses—whether and when it will operate to execute the use or uses declared and convert them into legal estates—will depend upon the nature of the trust and the duties imposed upon the feoffees as trustees; for if the duties create a *special or active trust* in the feoffees, the uses in respect of which such duties are required to be performed are not within the purview of the statute, and remain unexecuted and are mere trusts, and constitute equitable estates in the *cestui que trust*, the legal estate remaining in the feoffees.    But whenever such special trust or active duties shall cease, there being no longer any object to serve by keeping separate and distinct the legal and equitable estates, the statute of uses operates and executes the legal estate in the *cestui que trust*, 1 *Perry on Trusts*, sec. 320 and cases there collected."

We hold these deeds to be deeds of feoffment, and for the reasons just quoted from the case above cited from *64 Md.* we further hold that upon the execution, delivery and recording of the deeds the fee-simple title at once vested in the Orphan Asylum, and that it, the Orphan Asylum, has authority and the right to convey a valid title to the appellant.

There is nothing in *Art. 38* of the *Declaration of Rights* that affects the conclusion just announced.    That Article declares: "That every gift, sale or devise of land to any * * * religious sect, order or denomination    *    *    *    *    *    without the prior or subsequent sanction of the Legislature, shall be void;"    *    *    *    *.    Under the deeds from Hoover no title vested in the Sisters of Charity.    That corporation was the mere conduit through which the title passed by virtue of the statute of uses from Hoover to the Orphan Asylum. But even if this were not the case the *prior* sanction of the Legislature to the acquisition of land by the Sisters of Charity was distinctly given in that corporation's charter, as the extracts quoted from that charter in an earlier part of this judgment clearly show.    Whilst the sanction of the Legislature contemplated and required by Art. 38 must be expressly given to

each particular *devise* or *bequest* in order to render it valid, that is not necessary when the title has been conveyed by deed, because in such an instance a prior or subsequent *general* sanction, without particularizing the grants, is all that is needed to gratify the requirement of the Declaration of Rights. *Trustees, &c.* v. *Manning*, 72 Md. 131.

The decree appealed against will be affirmed.

*Decree affirmed with costs above and below.*

(Decided July 1st, 1903.)